UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYAN ALLEN CARY,

Plaintiff,

v.

Civil No. 2:26-cv-13433
Hon. Denise Page Hood

BRUAN HUTTENLOCKER, ET AL,[1]

Defendants.
_______________________________/

**ORDER SUMMARILY DISMISSING CASE AND DENYING MOTION TO APPOINT COUNSEL**

Michigan prisoner Bryan Allen Cary filed this pro se civil rights complaint. Plaintiff sues two Jackson County Sheriff Department detectives and the Jackson County Sheriff's Department, claiming a failure to investigate gang threats made against him and his girlfriend. (ECF No. 1.) Upon review of the complaint and plaintiff's litigation history in the federal courts, the Court concludes that the complaint must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

[1] Likely as a result of Cary's poor handwriting, the ECF caption incorrectly lists the lead defendant as "Brian Muttenlocker."

Plaintiff has filed his prisoner trust fund account statement indicating that he wishes to proceed in forma pauperis in this action. (ECF No. 2.) The Prisoner Litigation Reform Act of 1995 (PLRA) states that “if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.” 28 U.S.C. § 1915(b)(1)(as amended). See also *In Re Prison Litigation Reform Act*, 105 F. 3d 1131, 1138 (6th Cir. 1997). The in forma pauperis statute, 28 U.S.C. § 1915(a), provides prisoners the opportunity to make an initial partial filing fee and pay the remainder in installments. See *Miller v. Campbell*, 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000).

Under the PLRA, however, a federal court may dismiss a case if on three or more previous occasions a federal court dismissed the incarcerated plaintiff’s action because it was frivolous or malicious or failed to state a claim for which relief may be granted. See, 28 U.S.C. § 1915(g) (1996); *Thaddeus-X v. Blatter*, 175 F. 3d 378, 400 (6th Cir. 1999). The three strikes provision of the PLRA prohibits a prisoner who has had three prior suits dismissed for being frivolous from proceeding in forma pauperis in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. See *Clemons v. Young*, 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003).

A search of federal court records indicates that plaintiff has more than three civil rights complaints that have been dismissed by federal courts for being frivolous, malicious, or failing to state a claim upon which relief could be granted. *See Cary v. Losacco*, No. 18-CV-11396, 2018 WL 9810849, at *1 (E.D. Mich. July 11, 2018) (dismissing entire complaint for failing to state a claim); *Cary v. McCaul*, No. 1:18-CV-652, 2018 WL 3867516, at *2 (W.D. Mich. Aug. 15, 2018) (same); *Cary v. Eaton*, No. 11-CV-13151, 2011 WL 4916676, at *1 (E.D. Mich. Oct. 17, 2011) (same). Plaintiff has also had at least 14 other cases dismissed under 28 U.S.C. §1915(g)'s three-strike rule. *See Cary v. Hutten Locker*, No. 1:25-CV-13471, 2025 WL 3634205, at *1 (E.D. Mich. Feb. 22, 2024).

Plaintiff may not proceed IFP unless he establishes that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff does not allege any facts that would establish that he is currently in imminent or specific danger of future serious injury, and thus, he does not come within the exception to the mandate of 28 U.S.C.§ 1915(g).

Finally, because Plaintiff has had more than three prior cases dismissed against him for being frivolous, malicious, or failing to state a claim, 1915(g) bars him from appealing in forma pauperis. See *Drummer v.*

*Luttrell*, 75 F. Supp. 2d 796, 805-806 (W.D. Tenn. 1999). The Court therefore concludes that any appeal from this dismissal would not be in good faith.

**ORDER**

**IT IS HEREBY ORDERED** that the Plaintiff's in forma pauperis status is **DENIED** and the complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 3) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED AND CERTIFIED** that any appeal taken by the plaintiff would not be taken in good faith.

s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: September 30, 2026